UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELICATE MUSIC, and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., | Civil Action No. 3:25-cv-534 |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| A AND R, INC. and AMY GATCHEL, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs alleged two (2) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, attached hereto as **Exhibit** A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant A and R, Inc. ("AAR") is a corporation

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

organized under the laws of Indiana, with a place of business located at 2427 Mishawaka Avenue, South Bend, Indiana 46615.

6. At all times hereinafter mentioned AAR did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as R Bar, located at 2427 Mishawaka Avenue, South Bend, Indiana 46615.

7. Musical compositions were and are publicly performed at R Bar.

8. On information and belief, Amy Gatchel ("Gatchel" and, together with AAR, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Gatchel was, and still is an owner, and/or officer of AAR.

10. At all times hereinafter mentioned, Gatchel was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of AAR.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at R Bar, including the right and ability to supervise and control the public performance of musical compositions at R Bar.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at R Bar.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more 1 million songwriter, composer, and music publisher

members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made more than sixty attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives via mail, telephone, and email.

16. Defendants have refused all of ASCAP's license offers for R Bar.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at R Bar constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at R Bar, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The many unauthorized performances at R Bar include the two copyrighted musical compositions upon which this action is based.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical composition in each cause of action was published on the dates stated in Column 5, and since the date of publication have been printed and published in

strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at R Bar, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at R Bar of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In the undertaking conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

27. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable

injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission, or authority of Defendants been joined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at R Bar, or in any place owned, controlled, managed, maintained, or operated by Defendants, and/or from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.


June 23, 2025                              */s/ Phil L. Isenbarger*
                                                                      Phil L. Isenbarger, No. 5548-49
                                                                      Attorney for Plaintiffs


DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-2982
Telephone: (317) 635-8900
Fax: (317) 236-9907
phil.isenbarger@dentons.com